KOH
MSM/EGW: USAO 2024R00309

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC 24CR331 |
| | * | |
| CHASE WILLIAM MULLIGAN, | * | (Production of Child Pornography, |
| | * | 18 U.S.C. § 2251(a); Possession of |
| Defendant | * | Child Pornography, 18 U.S.C. |
| | * | § 2252A(a)(5)(B); Forfeiture, 18 U.S.C. |
| | * | § 2253, 21 U.S.C. § 853(p), 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |



*******

### INDICTMENT

### COUNT ONE
(Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about July 15, 2022, through on or about July 16, 2022, in the District of Maryland and elsewhere, the defendant,

**CHASE WILLIAM MULLIGAN,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT TWO
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about August 11, 2022, through on or about August 12, 2022, in the District of Maryland and elsewhere, the defendant,

**CHASE WILLIAM MULLIGAN,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT THREE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about July 29, 2022, through on or about July 30, 2022, in the District of Maryland and elsewhere, the defendant,

### CHASE WILLIAM MULLIGAN,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 2, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

3

## COUNT FOUR
### (Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about December 20, 2023, in the District of Maryland and elsewhere, the defendant,

### CHASE WILLIAM MULLIGAN,

did knowingly possess any material—that is, an iPhone 6 bearing serial number FFMPQ70RG5MH, an iPhone 8 bearing serial number F4JVL370JC68, an iPhone 8 Plus bearing serial number F2PVF8L0JCM2, an iPhone 8 Plus bearing serial number F2LVKJB0JCLN, a 1TB Toshiba Hard Drive bearing serial number 15EXS562SZM5, and a Lenovo ThinkPad T470S laptop bearing serial number PC0MGW75—that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8), including an image of child pornography involving a prepubescent minor and a minor who had not attained 12 years of age, which had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which image was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(5)(B) and (b)(2)

4

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of a defendant's conviction under any of the offenses alleged in this Indictment.

### Child Pornography Forfeiture

2. Pursuant to 18 U.S.C. § 2253(a), upon conviction of any of the offenses set forth in Counts One through Four of this Indictment, the defendant,

**CHASE WILLIAM MULLIGAN,**

shall forfeit to the United States:

   a. Any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

   c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following electronic devices seized from the Defendant's residence on December 20, 2023, that is:

   a. a Seagate Portable Hard Drive, 5TB, S/N: NACMTTDE;

    b.    an iPhone 6, S/N: FFMPQ70RG5MH;
    c.    an iPhone 8, S/N: F4JVL370JC68;
    d.    an iPhone 8 Plus, S/N: F2PVF8L0JCM2;
    e.    an iPhone 8 Plus, S/N: F2LVKJB0JCLN;
    f.    a Toshiba Hard Drive, 1TB S/N: 15EXS562SZM5; and
    g.    a Lenovo ThinkPad T470S laptop, S/N: PC0MGW75.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek L. Barron_ /msm
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 11/14/2024